DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Douglas L. Brunner, Jr., appeals the judgment of the Scioto County Court of Common Pleas, Juvenile Division, which found appellant to be a delinquent child based on acts that, if committed by an adult, would constitute aggravated robbery, a first degree felony in violation of R.C. 2911.01(A)(3). Appellant asserts that the trial court was without jurisdiction to accept his admission to the alleged offense because his father was not served with a summons and a copy of the complaint.
 {¶ 2} For the reasons that follow, we agree and reverse the judgment of the trial court.
 Proceedings Below {¶ 3} On September 1, 2002, Appellant Douglas L. Brunner, Jr., was arrested for allegedly beating Beau Sullens with a brick and stealing Mr. Sullens' motor vehicle. Based on these facts, a complaint was filed alleging that appellant was a delinquent child due to acts that, if committed by an adult, would constitute aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A). At the time of appellant's arrest, charges had already been filed alleging that appellant was a delinquent child due to acts that, if committed by an adult, would constitute criminal damaging in violation of R.C. 2909.06(A).
 {¶ 4} At appellant's initial hearing, two days after his arrest, appellant entered an admission to the offense of aggravated robbery but denied the criminal damaging offense. The trial court adjudicated appellant a delinquent child. However, before appellant entered his admission, the trial court indicated for the record that appellant was accompanied in the courtroom by his stepmother and that they were served with copies of the complaint and summons immediately prior to the commencement of the hearing. The summons with which they were served, was issued to Douglas Brunner, Sr., and Douglas L. Brunner, Jr., and its return indicated that it was personally served upon Dianna Brunner (appellant's stepmother) and Douglas Brunner.
 {¶ 5} Ultimately, the criminal damaging charge was dismissed and a dispositional hearing was held. The trial court committed appellant to the custody of the Ohio Department of Youth Services for a minimum of two years and a maximum of appellant attaining the age of twenty-one.
 The Appeal {¶ 6} Appellant timely appeals the judgment of the trial court and presents the following assignments of error for our review.
 {¶ 7} First Assignment of Error: "The trial court erred by failing to comply with the statutory duties under Juv.R. 29(B) and R.C. 2151.28
and therefore lacked jurisdiction to accept a plea from an alleged delinquent child."
 {¶ 8} Second Assignment of Error: "The trial court erred by accepting a plea of admission in violation of the Due Process Clause of the United States Constitution, Article I, Section 16 of the Ohio Constitution, R.C. 2151.352 and Ohio Juvenile Rules 4 and 29."
 I. The State's Concession {¶ 9} At the outset, we note that the state concedes appellant's First Assignment of Error. The state acknowledges that the asserted error necessitates the reversal of the trial court's judgment and a remand to the trial court for further proceedings. In light of the state's position on appeal, we now address appellant's First Assignment of Error.
 II. Service of an Alleged Delinquent Child's Parents {¶ 10} Appellant's First Assignment of Error posits that the Scioto County Court of Common Pleas, Juvenile Division, lacked jurisdiction to accept his admission and adjudicate him a delinquent because there was no notice of the proceedings given to his parents. If the court was without jurisdiction to enter such an adjudication, then it logically follows that it was also without jurisdiction to impose any disposition.
 {¶ 11} We begin our analysis of this argument from the standpoint of Juv.R. 29(B), which provides that, "At the beginning of the hearing, the court shall do all of the following: (1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance." The notice requirement to which appellant cites is set forth in R.C. 2151.28(C) and states that "[t]he court shall direct the issuance of a summons directed to the child * * * the parents, guardian, custodian, or other person with whom the child may be, and any other persons that appear to the court to be proper or necessary parties to the proceedings, requiring them to appear before the court at the time fixed to answer the allegations of the complaint."
 {¶ 12} It appears from the record that service was made on appellant and his stepmother. However, there is no indication that notice was ever served upon his parents. Appellant contends that this deprived the trial court of any jurisdiction to accept his admission or determine that he was a delinquent child.
 {¶ 13} "The notice provisions of R.C. 2151.28 are mandatory and jurisdictional." In re Dingess (July 15, 1998), Scioto App. No. 97CA2531, citing Mobley v. Allaman (1961), 89 Ohio Law Abs. 473, 477, 184 N.E.2d 707. This Court has previously held that failure to notify the juvenile's parents of the adjudicatory hearing leaves the court without jurisdiction over the child. See Dingess, supra; In re Dingess (May 22, 1997), Scioto App. No. 96CA2453. "Parents are necessary parties to any proceeding concerning a child in the juvenile court and must be served."In re Dingess (May 22, 1997), Scioto App. No. 96CA2453, citing In reGault (1967), 387 U.S. 1, 87 S.Ct. 1428.
 {¶ 14} Since appellant's parents were not given notice as required by the statute, the trial court was without jurisdiction to accept appellant's admission and adjudicate him a delinquent. Accordingly, we sustain appellant's First Assignment of Error.
 III. Remaining Assignment of Error {¶ 15} Based on our disposition of appellant's First Assignment of Error, we find that the remaining assignment of error is rendered moot. See App.R. 12(A)(1)(c).
 Conclusion {¶ 16} Since appellant's parents were not served with the summons and complaint as required by R.C. 2151.28, we sustain appellant's First Assignment of Error. Accordingly, we reverse the judgment of the trial court that adjudicated appellant a delinquent child and committed him to the custody of the Ohio Department of Youth Services and remand the matter to the trial court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, J.: Concur in Judgment and Opinion.